PEOPLE *ex rel.* OSBORNE *v.* GILON *et al.*, Assessors.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

1. CERTIORARI—TO BOARD OF ASSESSORS—MANDAMUS.
   *Certiorari*, not *mandamus*, is the proper mode of reviewing the decision of the board of assessors.

2. STREET ASSESSMENT—LIABILITY OF PURCHASERS.
   Where property is purchased after the making of a street improvement, but, before the assessment is made, the purchaser, if he desires to protect himself from the lien of the assessment, must provide therefor in his deed or contract.

Motion for reargument.

For decision on hearing of appeal, see 9 N. Y. Supp. 212. For decision at special term, see Id. 563.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Truman H. Baldwin,* for relator. *William H. Clark, (George L. Sterling,* of counsel,) for respondent.

BRADY, J. This matter was properly disposed of in the law controlling it both at special and general terms. It presents, it is true, a seeming hardship upon the appellant, but he should have protected himself by proper covenants on his purchase. The persons who derived the benefit of the improvement, and also the award for damages, should doubtless be required to pay the assessment, although the subsequent owner is equally the recipient of the benefit for which he may be compelled to pay by reason of his purchase, and his name appearing as owner on the tax-books, the prior owner not having been paid out of the indemnity given him by the award of damages. The vendors may have estimated the property, including the payment to be made, and avoided making such payment for that reason. We cannot, nor can the city, speculate as to these elements, nor is the latter required to determine who owns the property absolutely. We must leave the parties to se-

cure themselves against assessments and taxes by proper agreement relating thereto.  Application for reargument denied.

VAN BRUNT, P. J., concurs.

DANIELS, J.  A reargument would be without benefit to the appellant. The decision of the assessors cannot be reviewed or controlled by *mandamus.* The motion should be denied.